United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 24-11344-amc |
| Linda Lee Teresa Giaccio | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 1 |
| Date Rcvd: Jul 22, 2024 | Form ID: pdf900 | Total Noticed: 2 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 24, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db |   | Linda Lee Teresa Giaccio, 577 Snowden Rd., Upper Darby, PA 19082-5013 |
| | + | MICHAEL PATRICK FARRINGTON, Rudolph Clarke LLC, 7 Neshaminy Interplex, Suite 200, Trevose, PA 19053-6974 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 24, 2024         Signature:         /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 22, 2024 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| ANN E. SWARTZ | on behalf of Trustee SCOTT F. WATERMAN [Chapter 13] ecfmail@readingch13.com  ecfmail@ecf.courtdrive.com |
| DENISE ELIZABETH CARLON | on behalf of Creditor U.S. Bank National Association  as Trustee for Bayview Financial Mortgage Pass-Through Trust 2006-D, Mortgage Pass-Through Certificates, Series 2006-D bkgroup@kmllawgroup.com |
| SCOTT F. WATERMAN [Chapter 13] | ECFMail@ReadingCh13.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |

TOTAL: 4

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA
CASE NO. 24-11344-BKC-AMC

CHAPTER 13 PROCEEDING

In re: Linda Lee Theresa Giaccio
aka Linda T. Giaccio
SS #4046,

Debtor.

FILED
mk
JUL 2 2 2024
TIMOTHY McGRATH, CLERK
BY _____ DEP. CLERK

PRO-SE DEBTOR'S MOTION FOR _Appeal_
OF ORDER DISMISSING CHAPTER 13 CASE PURSUANT TO FEDERAL
RULE OF BANKRUPTCY PROCEDURE 9024 AND DIRECTING M&T BANK
TO CANCEL FORECLOSURE SALE CURRENTLY SCHEDULED FOR
AUGUST 27, 2024 DUE TO BEING IN VIOLATION OF MANDATORY
FOURTEEN (14) DAYS APPEAL PERIOD AND REQUEST FOR SANCTIONS
IN CONJUNCTION THEREOF

COMES NOW, Linda Lee Theresa Giaccio, Chapter 13 Pro-Se Debtor ("Debtor"), respectfully files this her Motion for Re-Hearing and Re-Consideration of Order Dismissing Chapter 13 Case Pursuant to Federal Rule of Bankruptcy Procedure 9024 and Directing M&T Bank to Cancel Foreclosure Sale Currently Scheduled for August 27, 2024 Due to Being in Violation of Mandatory Fourteen (14) Days Appeal Period and Request for Sanctions in Conjunction Thereof, and in support thereof states that:

1. That I filed a pro se voluntary Chapter 13 bankruptcy petition on April 19, 2024 in the United States Bankruptcy Court for the Eastern District of Pennsylvania.

2. That my case was ultimately dismissed on July 10, 2024, pursuant to Order Dismissing Chapter 13 case, and said Order states and prohibits me from filing under any chapter of the bankruptcy code or bankruptcy case for a period of two

(2) years.

3. That pursuant to Federal Rule of Bankruptcy Procedure 9024, I have fourteen (14) days from date of the entry of the Order dismissing my Chapter 13 case to file the instant Motion.

4. Consequently, to the best of my knowledge, information, and belief, I do not believe that I am in violation of any bankruptcy court Orders in my prior bankruptcy cases in the United States Bankruptcy Court for the Southern District of Florida, Fort Lauderdale Division.

5. Accordingly, therefore I was eligible to file a Chapter 13 Bankruptcy case in the Eastern District of Pennsylvania, where I currently reside, and have full time employment, and therefore have lived the greater part of one hundred and eighty (180) days in this District.

6. Furthermore, pursuant to the Order of Dismissal, in my prior bankruptcy case on April 12, 2024, in the United States Bankruptcy Court for the Southern District of Florida, that I do believe and it is my position that said case was dismissed without prejudice, and thereby there was no prejudice period in place to prohibit me from filing a Chapter 13 bankruptcy case in this District or the Eastern District of Pennsylvania, and therefore I do not believe I am in violation of any bankruptcy court orders prohibiting me from filing in this District.

7. Furthermore, and in addition, that a review of the docket supporting my current filing reflects that no party during the pendency of my prior Chapter 13 case filed, sought or was granted stay relief prior to the entering of the dismissal of my Chapter case on April 12, 2024.

8. Accordingly, at no time was any party in any of my prior bankruptcy cases been granted stay relief or stay relief in the form of two (2) year prospective stay relief prohibiting me from filing any bankruptcy case under any chapter and in any district, and therefore to the best of my knowledge, and as such, no Order exists, I am not in violation of any prohibition preventing me from filing in this District.

9. Furthermore, with respect to the Order Extending the Automatic Stay and my prior Chapter 13 case (Case #23-12090-BKC-SMG), reflects that I am only prohibited from filing any further Chapter 13 bankruptcy cases in the Southern District in Florida and therefore does not prohibit me from filing Chapter 13 bankruptcy case in any other district, including the Eastern District of Pennsylvania, nor filing under any other chapter including Chapter 7 of the United States Bankruptcy Code, if I so elected to proceed in such a fashion at a future date.

10. Accordingly, I am not in violation of any prior bankruptcy court orders, nor am I in violation of any prior prejudice periods, and as such, the instant case was properly filed in the Eastern District of Pennsylvania.

11. Furthermore, with respect to my prior serial filings, said cases were never found to be violative of any court Order or filed in "bad faith", and with said cases having been filed in "good faith" under "good faith" reasons or basis for each of the respect of filings, and should not be reasons for this Court to dismiss the instant Chapter 13 case.

12. Furthermore, with respect to my prior bankruptcy case, I do not believe that the instant bankruptcy case as filed in the Eastern District of Pennsylvania was

filed in "bad faith", as I believe that I have had a significant change of financial circumstances since my prior case in the United States Bankruptcy Court for the Southern District of Florida in the form of increased wage employment income, which would warrant or allow me to proceed with a new bankruptcy case in the Eastern District of Pennsylvania.

13. Furthermore, it would appear that M&T Bank is violative of the Court's mandatory fourteen (14) day appeal period, in that M&T Bank did not request a waiver, and as the Order of Dismissal in the instant case was entered on July 10, 2024, and M&T Bank never sought or was granted a waiver of the fourteen (14) day appeal period, and apparently "jumped the gun" and filed Plaintiff's Motion to Reset Foreclosure Sale and Issue Re-Notice of Sale on July 19, 2024 or sooner, with a sale date scheduled for August 27, 2024, and again said Motion was filed in advance of the expiration of the fourteen (14) day appeal period and without requesting waiver of such, M&T Bank should be deemed in contempt of court for said actions and request for sanctions in conjunction thereof. A true and correct copy of the aforementioned Plaintiff's Re-Notice of Sale reflecting the date of such, is attached hereto as Exhibit "A", and is incorporated herein.

WHEREFORE, I, Linda Giaccio, Pro Se Debtor, respectfully requests an Order Vacating Order Dismissing Chapter 13 Case as entered on July 10, 2024, upon the instant Motion being timely, as well as, based on the foregoing grounds or basis, that my current bankruptcy case should not be dismissed, as again, I do not believe that I am in violation of any bankruptcy court orders, at any time or any prejudice period, and the grounds to dismiss my case are not warranted at this time.

Furthermore, I should be allowed an opportunity to continue to proceed with the instant case, upon the vacating of the aforementioned Order, and again based on the foregoing grounds, and also directing M&T Bank to cancel foreclosure sale currently scheduled for August 27, 2024 for being in violation of the Court's fourteen (14) day appeal period, and for filing of contempt and award of sanctions in conjunction thereof.

Dated this day of 22ND July, 2024

*Linda Giaccio*, pro se
Linda Giaccio, Pro Se Debtor

Filing # 202962553 E-Filed 07/19/2024 09:23:07 PM

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. CACE17000304   DIVISION: 11   JUDGE: Garcia-Wood, Marina (11)

M&T Bank

Plaintiff(s) / Petitioner(s)

v.

Linda Giaccio, et al

Defendant(s) / Respondent(s)

_____/

### ORDER ON PLAINTIFF'S MOTION TO RESET FORECLOSURE SALE AND ISSUE RE-NOTICE OF SALE

THIS MATTER having come on to be considered on Plaintiff's Motion to Reset Foreclosure Sale and Issue Re-Notice of Sale, and the Court being otherwise advised in the premises, it is **ORDERED AND ADJUDGED**:

1. The Plaintiff's Motion to Reset Foreclosure Sale and Issue Re-Notice of Sale is hereby GRANTED.

2. The Clerk of the Court is directed to sell the property described herein at public sale at 10:00 A.M. on the **27th day of August, 2024, via online auction at www.broward.realforeclose.com**, after having given notice as required by Section 45.031, Florida Statutes in accordance with the terms, provisions and conditions otherwise set forth in this Court's Consent Final Judgment entered by the court on January 23, 2019, which was previously rendered in the above-entitled cause.

**DONE AND ORDERED** in Chambers at Broward County, Florida on 19th day of July, 2024.

CACE17000304 07-19-2024 9:08 AM
Hon. Marina Garcia-Wood
**CIRCUIT COURT JUDGE**
Electronically Signed by Marina Garcia-Wood